UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARIANA FATA,

Plaintiff,

-against-

KITCHEN & BATH SOURCE LLC d/b/a KBS KITCHEN, and ROBERT STONBELY JR.,

Defendants.

Case No.:

**COMPLAINT**

**JURY DEMAND REQUESTED**

Plaintiff MARIANA FATA ("Plaintiff" or "Ms. Fata"), by and through her attorneys, FISHER TAUBENFELD LLP, alleges against Defendants KITCHEN & BATH SOURCE LLC d/b/a KBS KITCHEN ("KBS," the "Company," or the "Corporate Defendant") and ROBERT STONBELY JR. ("Mr. Stonbely" or the "Individual Defendant," and together with KBS, "Defendants") as follows:

## NATURE OF THE ACTION

1. Plaintiff brings this action pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA"), and the New York Labor Law ("NYLL"), and for breach of contract, based upon the following acts and omissions Defendants committed:

   i. Defendants' failure to pay Plaintiff approximately $53,500 in earned commissions;

   ii. Defendants' failure to pay Plaintiff the minimum wage for the work she performed from April 2026 until May 18, 2026; and

   iii. Defendants' termination of Plaintiff's employment on May 18, 2026 in retaliation for her complaints and demands for payment of the commissions owed to her.

2. In the alternative, Plaintiff brings this action to challenge Defendants' breach of contract for failing to pay her earned commissions.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over Plaintiff's FLSA claim pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b). Supplemental jurisdiction over Plaintiff's NYLL and common-law claims is conferred by 28 U.S.C. § 1367(a), because those claims are so related to the FLSA claim that they form part of the same case or controversy under Article III of the United States Constitution.

4. This Court has personal jurisdiction over Defendants because Defendants reside in and conduct business in the State of New York.

5. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because Defendants conduct business in this District, Plaintiff resides in this District, and the acts and omissions giving rise to the claims alleged herein took place in this District.

## PARTIES

**Plaintiff**

6. Plaintiff is a New York resident who was employed by Defendants from approximately April 2012 until May 18, 2026.

7. Plaintiff worked for Defendants as a Kitchen Designer and Sales Manager and, most recently, as a Kitchen Designer.

**Defendants**

8. Upon information and belief, KBS is a domestic limited liability company organized and existing under the laws of the State of New York, with its principal place of business at 50 Virginia Road, White Plains, New York 10603. KBS operates a kitchen and bath design, cabinetry, and remodeling business and showroom under the name KBS Kitchen.

9. Upon information and belief, at all times relevant hereto, KBS has been a business or enterprise engaged in interstate commerce, employing more than two (2) employees and earning gross annual sales over $500,000.

10. Upon information and belief, at all relevant times hereto, Defendants have been and continue to be "employers" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of the FLSA.

11. Defendants constitute an enterprise within the meaning of the FLSA, 29 U.S.C. § 203(r).

12. At all relevant times, Defendants have been Plaintiff's employers within the meaning of the FLSA, 29 U.S.C. § 203(d), and NYLL §§ 2, 190(3), and 651.

13. Upon information and belief, Mr. Stonbely is an owner and officer of KBS.

14. Mr. Stonbely possesses the authority to hire and fire employees, set their rates of pay and commission terms, approve their payroll, and direct their work. Mr. Stonbely set Plaintiff's compensation terms, communicated them to Plaintiff, and directed Plaintiff's work, including the May 2026 directive that Plaintiff stop selling.

15. Mr. Stonbely possesses operational control over KBS through his financial control over the Company, including the decision whether and when to pay commissions to Plaintiff.

16. Mr. Stonbely exercises sufficient operational control over the Corporate Defendant to be considered Plaintiff's employer under the FLSA and NYLL, and he is sued individually in his capacity as an owner, officer, and/or agent of the Corporate Defendant.

## FACTUAL ALLEGATIONS

### Plaintiff's Compensation Terms

17. Plaintiff began working for KBS in or about April 2012.

18. Plaintiff's compensation has been governed by written compensation plans and by written compensation terms that Mr. Stonbely communicated to Plaintiff by email, as those terms changed over time.

19. In 2024, Mr. Stonbely advised Plaintiff that her personal sales commission would be increased to 8% of sales.

20. During the first quarter of 2026, Plaintiff's compensation consisted of a weekly salary and a weekly auto reimbursement, plus a commission of 8% on her sales for the quarter above a quota, payable following the end of the quarter.

**Defendants Fail to Pay Plaintiff's First Quarter 2026 Commission**

21. During the first quarter of 2026, Plaintiff's sales exceeded her quota for the quarter.

22. At 8%, Plaintiff earned an above-quota commission of approximately $17,500 for the first quarter of 2026, which became due in or about the second week of April 2026.

23. On April 30, 2026, Plaintiff emailed Mr. Stonbely a schedule of her first quarter sales showing the commission due and asked when they could meet to review it.

24. The same day, Denise, KBS's General Manager and bookkeeper, responded by email to Mr. Stonbely and Plaintiff regarding review of Plaintiff's schedule: "Yes I will do."

25. Defendants have not paid Plaintiff her first quarter 2026 commission.

**Defendants Revise Plaintiff's Terms and Fail to Pay Her Commission on the April 4 Sale**

26. In or about March 2026, Mr. Stonbely presented Plaintiff with revised compensation terms. In a March 8, 2026 email to Mr. Stonbely, Plaintiff set out her understanding of those terms: a 10% commission on sales, paid in full upon signing the customer contract and securing a 50% deposit from the customer, with Plaintiff paid only upon a sale.

27. Effective April 1, 2026, Defendants put revised terms into effect (the "Revised Terms"). Under the Revised Terms, Plaintiff was to receive a 10% commission on sales, with no weekly salary, payable upon taking the order and securing a 50% deposit from the customer.

28. On April 4, 2026, Plaintiff took an order from a KBS customer (the "April 4 Sale").

29. Upon information and belief, Defendants received the required 50% deposit on the April 4 Sale.

30. At 10%, Plaintiff's commission on the April 4 Sale is approximately $21,000, which became payable immediately under the Revised Terms.

31. Defendants have not paid Plaintiff her commission on the April 4 Sale.

**Defendants Fail to Pay Plaintiff's Commission on the December 2024 Sale**

32. In December 2024, Plaintiff made a sale to a KBS customer (the "December 2024 Sale").

33. Plaintiff earned a commission of approximately $15,000 on the December 2024 Sale.

34. Defendants have not made this payment.

**Plaintiff Complains About the Unpaid Commissions and Defendants Terminate Her Employment**

35. In April and May 2026, Plaintiff repeatedly asked Mr. Stonbely to meet with her to resolve the unpaid commissions.

36. Defendants did not pay the commissions.

37. On or about May 13, 2026, Mr. Stonbely texted Plaintiff: "there are no people coming in and cash flow is slow. Don't sell anything further until I catch up with your commission payments."

38. Plaintiff asked Mr. Stonbely how to handle two pending sales. Mr. Stonbely did not respond.

39. On or about May 18, 2026, Denise told Plaintiff that Mr. Stonbely intended the directive to be permanent, not temporary.

40. Plaintiff's position at KBS consisted solely of commission-based sales. The permanent directive that Plaintiff stop selling ended Plaintiff's ability to earn income from KBS.

41. Defendants therefore terminated Plaintiff's employment effective May 18, 2026.

**Defendants Fail to Pay Plaintiff Any Wages from April 2026 Until Her Termination**

42. Under the Revised Terms, Defendants stopped paying Plaintiff a weekly salary beginning in April 2026.

43. From April 2026 until May 18, 2026, a period of approximately seven weeks, Plaintiff continued to perform sales and design work for Defendants and their customers on multiple days each week.

44. Plaintiff generally worked 5 days a week during these weeks and usually worked from 11:00 a.m. until 4:00 p.m., although Plaintiff often worked more hours.

45. Defendants did not pay Plaintiff any wages for the work she performed during that period.

46. As a result, Defendants failed to pay Plaintiff the federal and New York minimum wage for the hours she worked.

**FIRST CAUSE OF ACTION**
(Minimum Wage Violations under the FLSA)

47. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

48. For a period of approximately seven weeks during the statute of limitations period covered by these claims, Defendants failed to pay Plaintiff any wages for the work she performed for Defendants.

49. By failing to pay Plaintiff any wages for her work, Defendants knowingly and willfully failed and refused to pay Plaintiff at the required federal minimum wage, in violation of 29 U.S.C. § 206.

50. Plaintiff seeks damages in the amount of her unpaid minimum wages, liquidated (double) damages as provided by the FLSA, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

**SECOND CAUSE OF ACTION**
(NYLL Minimum Wage Violations)

51. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

52. For a period of approximately seven weeks during the statute of limitations period covered by these claims, Defendants failed to pay Plaintiff any wages for the work she performed for Defendants.

53. By failing to pay Plaintiff any wages for her work, Defendants knowingly and willfully failed to pay Plaintiff at the required New York State minimum wage, in violation of NYLL § 652 and 12 N.Y.C.R.R. Part 142.

54. As a direct and proximate result of Defendants' willful and unlawful conduct, Plaintiff has sustained damages and seeks recovery for unpaid wages in an amount to be determined at trial, attorneys' fees, costs, liquidated damages, and prejudgment interest as provided by NYLL § 663 and supporting regulations, and such other legal and equitable relief as this Court deems just and proper.

**THIRD CAUSE OF ACTION**
(NYLL Failure to Pay Earned Commissions)

55. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

56. Plaintiff's earned commissions are wages within the meaning of NYLL § 190(1).

57. Defendants violated NYLL §§ 190, 191, and 193 by failing to pay her commissions.

58. As a direct and proximate result of Defendants' willful and unlawful conduct, Plaintiff has sustained damages and seeks recovery of her unpaid commissions of approximately $53,500, in an amount to be determined at trial, attorneys' fees, costs, liquidated damages equal to 100% of the unpaid commissions as provided by NYLL § 198(1-a), and prejudgment interest at the statutory rate of 9% per annum under CPLR §§ 5001 and 5004, and such other legal and equitable relief as this Court deems just and proper.

**FOURTH CAUSE OF ACTION**
(Retaliation in Violation of NYLL § 215)

59. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

60. Plaintiff engaged in activity protected by NYLL § 215 by complaining to Mr. Stonbely, in writing and orally, that Defendants had not paid her earned commissions.

61. Defendants and Mr. Stonbely knew of Plaintiff's complaints.

62. Defendants terminated Plaintiff's employment by preventing her from earning money because she complained that Defendants had not paid her earned commissions, in violation of NYLL § 215.

63. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has lost compensation and has suffered emotional distress. Plaintiff seeks lost compensation, including back pay and front pay, compensatory damages, including damages for emotional distress,

attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

**FIFTH CAUSE OF ACTION**
(Breach of Contract, in the Alternative)

64. Plaintiff repeats and realleges each and every allegation contained in the paragraphs above as if fully set forth herein.

65. Defendants entered into a contract with Plaintiff to pay her commissions on her sales on the terms described above.

66. Plaintiff performed under the contract by making the sales described above.

67. Defendants breached the contract by failing to pay Plaintiff her earned commissions of approximately $53,500.

68. By virtue of the foregoing breach of contract, Plaintiff has been damaged by not receiving the commissions owed to her, and is entitled to compensatory damages, interest, and costs and disbursements.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment awarding:

A. Unpaid commissions in an amount to be determined at trial, presently estimated at approximately $53,500;

B. Unpaid minimum wages in an amount to be determined at trial;

C. Lost compensation, including back pay and front pay, and compensatory damages, including damages for emotional distress, for Defendants' retaliation in violation of NYLL § 215, in an amount to be determined at trial;

D. Liquidated damages on Plaintiff's unpaid commissions and unpaid minimum wages pursuant to the FLSA and NYLL;

E. Prejudgment interest at the statutory rate of 9% per annum;

F. Plaintiff's costs and reasonable attorneys' fees; and

G. Such other and further relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury on all issues so triable.

Dated: November 25, 2026
New York, New York

Respectfully submitted,

By: *Michael Taubenfeld*

Michael Taubenfeld, Esq.
FISHER TAUBENFELD LLP
225 Broadway, Suite 1700
New York, New York 10007
Phone: (212) 571-0700
*Attorneys for Plaintiff*